UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MAURICIO ZELAYA-COTO**              **CASE NO. 2:25-CV-01939 SEC P**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**MICHAEL MANUEL ET AL**              **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court are a Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 1] filed by petition Mauricio Zelaya-Coto, in relation to his pending petition for writ of habeas corpus. Both the petition and the pending motions challenge Mr. Zelaya-Coto's detention by the United States Immigration and Customs Enforcement pending the execution of a removal order to petitioner's native Honduras.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Petitioner seeks immediate relief in the form of an order prohibiting his removal or transfer so that he may "have his day in court" concerning his challenge to immigration

detention. To the extent petitioner seeks to expedite a detention hearing, the court considers this to be a shortcut around the habeas process. As for his request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility, much less that he will prevail on his cancellation of removal. Additionally, the court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition. Accordingly, **IT IS ORDERED** that the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 1] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of December, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**